RAFAEL SERRA RAMÍREZ, demandante y apelado, v. EL MUNI-
CIPIO DE PONCE, demandado y apelante.

No. 6053.—*Sometido:* Enero 25, 1934. *Resuelto:* Julio 3, 1934.

*L. Tormes García* y *Guillermo S. Pierluisi,* abogados del apelante;
*R. Atiles Moréu* y *Erasto Arjona Siaca,* abogados del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del
tribunal.

Este pleito se inició por demanda que copiada a la letra
en lo pertinente dice:

"2. Que el demandante Rafael Serra Ramírez contrató con EL
MUNICIPIO DE PONCE la realización de un trabajo de carretera con-
sistente en la carretera municipal de Tibes a San Patricio celebrado
dicho contrato en noviembre 3 de 1928, en el cual se obligó a reali-
zar dicha obra por la suma de $8,091.09.

"3. Que el demandante realizó la obra de referencia, a satisfac-
ción del Municipio de Ponce, cumpliendo con todas y cada una de
las condiciones del contrato, y la sometió y entregó al referido Mu-
nicipio de Ponce, habiéndola éste aceptado en todas sus partes, desde

cuyo momento venía el municipio obligado a hacer efectiva la totalidad del precio de la referida obra, estipulado en el contrato. Que el Municipio de Ponce, adeuda de la suma total de $8,091.09, precio del contrato, la suma de $1,500.00, la cual reconoció con fecha 12 de enero de 1929, por resolución número 7, serie 1929, aprobada por unanimidad por la Asamblea Municipal de Ponce, y firmada por el Hon. Alcalde de dicha ciudad de Ponce, y se obligó a satisfacer los intereses sobre dicha cantidad al 7% anual, devengados desde la fecha en que se incurrió la deuda hasta su completo pago.

"4. Que el Municipio de Ponce, aceptó la obra de referencia, con fecha de enero 9 de 1929, desde cuyo momento viene obligado al pago de la cantidad de $1,500.00 que adeuda del importe total de la obra, con intereses al 7% anual, hasta su total pago; y dicho Municipio de Ponce, ni su Asamblea Municipal, ni ninguna de sus autoridades competentes hasta la fecha de hoy ha pagado dichos $1,500.00 ni sus intereses, ni parte alguna de las mismas, a pesar de los numerosos requerimientos al efecto; y no obstante de ello, el Municipio de Ponce se ha hecho cargo y ha utilizado la obra construída de acuerdo con el contrato de referencia, dedicándola al uso público."

El municipio demandado contestó así:

"2. Se niega el hecho segundo de la demanda en la forma en que está redactado y por falta de suficiente información.

"3. Se niega el hecho tercero de la demanda, y se sostiene en contrario, que si el Municipio de Ponce incurrió en 12 de enero de 1929 en alguna deuda u obligación de pagar el importe de MIL QUINIENTOS DOLLARS ($1,500.00) al demandante, dicho acto es nulo y ultra vires por parte del Municipio de Ponce, en tanto en cuanto el Municipio de Ponce en esos momentos, o sea, en enero 12 de 1929, no tenía fondos disponibles para poder pagar dicho importe de MIL QUINIENTO DOLLARS, ni contaba con rentas o entradas durante el año 1929 a 1930 para poder incurrir en esa responsabilidad y hacer ese pago, y si en ese gasto se incurrió en época anterior al 12 de enero de 1929, tampoco en el momento en que se incurrió en ese gasto, había asignación alguna en el presupuesto del Municipio de Ponce para pagar dicho importe, ni se contaba en ese año con entradas suficientes en el Municipio de Ponce para poder pagar esa obligación, constituyendo cualquier acto del Municipio de Ponce en ese sentido un acto nulo y ultra vires por parte del mismo.

"4. Se niega el hecho cuarto de la demanda y se alega en contrario que si el Municipio de Ponce no ha pagado los UN MIL QUINIEN-

146

TOS DOLLARS a que se refiere dicho hecho, es porque dicha partida no ha figurado en ningún presupuesto de gastos del Municipio de Ponce para ningún año. Dicho municipio de Ponce está sujeto a las Leyes que lo regulan para hacerse un pago de dinero por parte de dicha municipalidad, y tiene que cumplir estrictamente con lo que la Ley y los reglamentos de contabilidad promulgados por el Auditor de Puerto Rico prescriben y determinan.

"DEFENSAS ESPECIALES.—Como defensas especiales alega el demandado.

"PRIMERA.—EXCEPCIÓN PREVIA.—Que la demanda no aduce hechos bastantes constitutivos de una buena y justa causa de acción a favor del demandante.

"2. Que en el presupuesto del Municipio de Ponce para el año 1930–31 no figura partida alguna para pagar al demandante cantidad alguna de dinero.

"3. *Estoppel.* Que el demandante está impedido de ejercitar esta acción de cobro de dinero por razón de que no acudió a impugnar el presupuesto del Municipio de Ponce para el año 1930–31, en el tiempo prescrito por la Ley, y el mismo fué confeccionado sin hacer consignar ninguna partida para el demandante.

"4. Que el Municipio de Ponce no podrá pagar al demandante cantidad alguna de dinero por ningún concepto, y menos por el que se alega en la demanda en este caso, sin la intervención directa del Auditor de Puerto Rico, tal y como lo determina la Ley y los reglamentos de contabilidad vigentes."

Trabada la contienda fué el pleito a juicio. Se llamó a declarar al propio demandante y al mostrársele cierto documento ocurrió lo que sigue:

"¿Qué es eso?—Éste es el contrato firmado por el Departamento del Interior.

"TORMES: Señor juez, el Municipio no se puede allanar a nada de esto, pero yo voy a hacer el siguiente convenio:

"Que si el señor Serra declarara, declararía sobre todos los extremos contenidos en la demanda; y entonces, dando por declarado eso, que la corte dicte sentencia sin especial condenación en costas.

"ATILES: Sí.

"JUEZ: Entonces, visto el convenio que propone el licenciado Tormes, abogado del Municipio de Ponce, sobre que el demandante Rafael Serra Ramírez, si declarara, declararía sobre los extremos que

alega en su demanda, se solicita por el demandado Municipio de Ponce. . . .

"TORMES: Y que si la corte dicta sentencia declarando con lugar la demanda, que ésta sea sin costas.

"JUEZ: Bueno. ¿Y ese proyecto se va a presentar?

"ATILES: Sí.

"TORMES: No hay objeción a eso.

"JUEZ: ¿Esta ordenanza?

"ATILES: Sí.

"JUEZ: Se admite entonces en evidencia la prueba que hay en autos, marcada con las letras A, B y C y el contrato celebrado por el Municipio de Ponce con el demandante, que se marca exhibit D.

"¿Entonces se solicita que de acuerdo con esta prueba se dicte sentencia por la corte?

"TORMES: Sí.

"JUEZ: ¿El demandado no presenta prueba?

"TORMES: No presenta prueba.

"JUEZ: Entonces la corte, vista la prueba del demandante y no habiendo el demandado presentado prueba alguna, la corte declara con lugar la demanda en este caso y condena al demandado Municipio de Ponce, a pagar al demandante Rafael Serra Ramírez, la suma de mil quinientos dólares. No se ha dicho nada de los intereses.

"ATILES: Los intereses están ahí en la ordenanza del Municipio.

"TORMES: Es una obligación que surge de la ordenanza; claro, los intereses de la corte tienen que ser al tipo legal.

"JUEZ: Aquí dice al tipo de siete por ciento desde la fecha en que se incurre en la deuda hasta su completo pago.

"TORMES: Tiene que ser entonces al siete por ciento.

"JUEZ: Más intereses al siete por ciento anual desde enero nueve de mil novecientos veintinueve hasta su total pago, sin especial condenación en costas.

"TORMES: Está bien."

Los documentos admitidos en evidencia fueron: Exhibit A, una carta del Alcalde de Ponce de fecha enero 9, 1929, dirigida al demandante, comunicándole la aceptación provisional de las obras de construcción del camino "San Patricio," primer trozo.

Exhibit B, resolución No. 7 de la Asamblea Municipal de Ponce "para reconocer varios créditos para ser pagados del

presupuesto ordinario del año 1929–1930 a varias personas,'' entre ellas al demandante el reclamado en este pleito. Se adoptó el 12 de enero de 1929. Su sección primera dice, en parte:

"Sección 1ª.—Reconocer, como por la presente se reconocen, los siguientes créditos a favor de las personas que aquí se expresan:''

Y sus secciones segunda y tercera, leen:

"Sección 2ª.—Que todos estos créditos deben ser consignados y por la presente se ordena se consignen en el presupuesto ordinario correspondiente al próximo año económico de 1929–1930 a favor de los referidos señores, tal y como se expresa en esta resolución.

"Sección 3ª.—Que una vez consignados dichos créditos, el Municipio de Ponce se compromete a hacer dichos pagos, más los intereses correspondientes al tipo de 7% anual devengados desde la fecha en que se incurrió la deuda hasta su completo pago.''

El Exhibit C es una certificación de la construcción del camino de San Patricio, primer trozo, con cargo a la asignación de $1,500 de fondos ordinarios. Se expidió en enero 8 de 1929 por Lorenzo J. Dávila, Ingeniero Jefe del Departamento, con la aprobación de Guillermo Vivas, Director Municipal de Obras Públicas, y la conformidad de Rafael Serra Ramírez, Contratista, y de Vicente Santos, Inspector de Construcciones.

Y el exhibit D es el contrato sobre construcción del camino, celebrado entre el municipio y el demandante, aprobado por el Comisionado del Interior.

Como puede verse, el contrato surge claro de las alegaciones y las pruebas. También la realización de las obras por parte del demandante y su aceptación por parte del demandado. No hay contienda en cuanto al precio. La cantidad reclamada se debe. Que se pague, como ordenó la corte, parece que es la única conclusión a que debe llegarse.

Sin embargo, el municipio apelante sostiene que el pago no puede decretarse porque el contrato que dió origen a la deuda es nulo, constituyendo su ratificación un acto *ultra vires* nulo también por tanto.

En primer lugar señala el municipio apelante como error la desestimación de su excepción previa alegando que la demanda no aducía hechos suficientes para determinar una causa de acción, ya que no expresa que al celebrarse el contrato sobre construcción el municipio tenía fondos disponibles para el pago de la obra, y que al reconocerse el crédito por la resolución No. 7 de su asamblea el municipio tuviera fondos disponibles dentro de ese año económico para atender al pago y que en efecto asignara la partida en el presupuesto de 1929–1930.

Nos inclinamos a creer que la demanda es suficiente porque debe presumirse el cumplimiento de los requisitos de ley en la celebración del contrato, y en tal virtud que la excepción fué debidamente declarada sin lugar.

Despejada así la situación, veamos si tal como fué el caso definitivamente sometido a la corte de distrito existía base suficiente para declarar como se declaró la demanda con lugar.

Sostiene la parte apelada que la no existencia de fondos cuando se celebró el contrato es una cuestión de defensa que el municipio estaba obligado a alegar y probar, lo que no hizo. Y por tanto que la demanda quedó en pie y si aduce hechos suficientes sostiene la sentencia.

Tiene razón el apelado. El municipio demandado hizo la alegación pertinente, pero omitió probarla. Y la presunción de que la ley fué acatada quedó subsistente.

Resumiendo la jurisprudencia sobre el particular dice Corpus Juris:

"La regla general es que toda presunción legal será aplicada con la mayor laxitud para sostener la validez de un contrato municipal, y la defensa de *ultra vires* debe sostenerse mediante la correspondiente alegación y prueba, incumbiendo probar tal defensa a la parte que la suscita. Aun cuando las disposiciones del estatuto o de la franquicia sean imperativas, la presunción es que las autoridades al celebrar el contrato acataron el mismo." 44 C.J. p. 121, 122.

*Debe confirmarse la sentencia recurrida.*