JUAN TOMASINI, demandante y apelante, *v.* MUNICIPIO DE PONCE, demandado y apelado.

Núm. 6629.—*Sometido:* Abril 1, 1936. *Resuelto:* Diciembre 22, 1936.

*Felipe Colón Díaz,* abogado del apelante; *Erasto Arjona Siaca,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

Tomasini instó la presente acción para recobrar la suma de $2,625.46 que se alegaba constituía el valor de cierto trabajo realizado por orden del Alcalde y Comisionado de Obras Públicas Municipales de Ponce. Sostenía que al terminarse el trabajo le había sido entregado al municipio, había sido aceptado por éste y estaba en uso desde diciembre de 1926. También alegaba que la asamblea municipal en enero de 1929 adoptó una resolución por la cual aceptaba el trabajo, reconocía su deuda por la suma de $2,625.46 con intereses a razón del 7 por ciento y ordenaba que se incluyera la misma en el presupuesto de 1929–30. La asignación que tenía por mira esta resolución no se hizo en el presupuesto de 1929–30 ni en ninguno otro.

El municipio negó la validez de cualquier orden dada por el Alcalde y Comisionado de Obras Públicas Municipales en relación con el trabajo que el demandante alegaba haber hecho y sostuvo que cualquier orden que el Alcalde y Comisionado de Obras Públicas Municipales pudiera haber dado para la realización de tal trabajo lo fué sin autoridad o facultad para ello, en violación de la ley y sin represen-

tar al·hacerlo al Municipio de Ponce o sin tener jurisdicción para así actuar. El municipio negó la existencia de tal contrato, la obligación de pagar por dicho trabajo a virtud de la supuesta aceptación del mismo, la validez de la resolución por la cual se alegaba que el municipio había aceptado el ameritado trabajo, haber reconocido su deuda y haber ordenado que se asignara la suma correspondiente en el presupuesto de 1929–30. El municipio alegó que la resolución en cuestión era *ultra vires* y nula. En adición a estas negativas y alegaciones el municipio adujo varias defensas especiales. •

El caso fué sometido a la corte de distrito a base de una estipulación que figura en la relación del caso y que lee así:

"Aceptando la demandada que el demandante realizó las obras que se dicen fueron realizadas en la demanda, y las que se detallan en dicha demanda como hechos; que dicho demandante recibió orden de practicarlas del Hon. Alcalde y del Comisionado de Obras Públicas, según también se alega en la demanda; que no se le ha pagado el importe de las obras realizadas, según se reclama en la demanda, ni tampoco los intereses; que ha habido requerimiento de pago y no se ha pagado; y que el municipio demandado recibió las obras y se benefició y está beneficiándose de ellas en beneficio del uso público.

"Alegando la demandada en su defensa lo siguiente:

"Que el Alcalde dió una orden que no tenía autoridad para dar porque no había fondos asignados en el presupuesto ordinario para hacer dicha obra; y que dicha orden, dada por el Alcalde y refrendada por el Director de Obras Públicas, se hizo en exceso de autoridad; que la alegada orden de referencia, tanto como su aprobación por la resolución núm. 7, son nulas de toda nulidad, ineficaces y que no tienen valor ni efecto y que el servicio practicado bajo su amparo no tiene aprobación de pago por el Municipio de Ponce, porque no precedió la orden previa, de acuerdo con el reglamento para el régimen de la contabilidad municipal; porque no se trata tampoco de un caso de fuerza mayor, emergencia o urgente necesidad, en que hubiere podido prescindirse de la orden previa; porque hasta asumiendo la existencia de fuerza mayor, emergencia o urgente necesidad, no existía, en la fecha en que se dió la orden para los trabajos —la orden nominal, supuesta, por el Alcalde, o sea en noviembre o

diciembre de 1929—no existía crédito disponible en el presupuesto, para dichas obras, debiendo entenderse que las mismas se hicieron bajo la responsabilidad personal del Alcalde entonces, don Guillermo Vivas Valdivieso, y no del Municipio de Ponce, porque dentro del año económico de 1926–27, en que se efectuaron las obras, ni la Junta Administrativa ni la Asamblea Municipal de Ponce, transfirieron a la partida correspondiente, crédito suficiente para cubrirla, por lo que resulta inválida; y, porque, además, la Asamblea Municipal, al aprobar en la sesión del 12 de enero de 1929, la resolución que admitimos que se aprobó, carecía dicha Asamblea Municipal de autoridad para aceptar obras no contratadas válidamente por el Municipio y también carecía de autoridad para incluir en el presupuesto de 1929–30, ese crédito, siendo todos dichos acuerdos *ultra vires* e ineficaces.''

El único señalamiento es que la corte de distrito cometió error al desestimar la demanda. Quizá bastaría decir que este señalamiento es demasiado general para que requiera un examen ulterior del alegato del apelante, mas no resolveremos el caso por ese motivo solamente.

 La sección 9 de la Ley Municipal (núm. 92) de 1925 (leyes de ese año, pág. 689) otorga a los municipios "plenas facultades legislativas y administrativas, en todo asunto que fuere de naturaleza municipal y que se relacione con los ramos de obras", mas dispone expresamente "que estas facultades se ejercitarán con sujeción a las leyes de Puerto Rico y de los Estados Unidos y a las ordenanzas de la Comisión de Servicio Público que estuvieren en vigor, no pudiéndose adoptar ninguna ordenanza, resolución ni acuerdo incompatibles con dichas leyes." Las facultades y deberes del Alcalde figuran en detalle en la sección 29. La sección 10 lee en parte así (bastardillas nuestras):

"Las facultades conferidas por esta Ley a los municipios, las ejercitarán *con sujeción a las siguientes limitaciones especiales:* (1) toda obra pública se verificará y todos los efectos y materiales se adquirirán mediante subasta cuando su valor o costo exceda de seiscientos (600) dólares en los municipios de primera clase, . . . . ."

La subasta aquí exigida no es una simple formalidad ni un mero modo de procedimiento. Es una limitación constitucional a la facultad del municipio para contratar en relación con cualquier obra pública cuyo valor exceda de $600. Asumiendo tan sólo para los fines de la argumentación que el Alcalde podía actuar como agente del municipio en un asunto de esta naturaleza, el supuesto contrato sería *ultra vires* y nulo por falta de la subasta. La asamblea municipal no podía ratificar semejante contrato. Del mismo no podía surgir una responsabilidad implícita por los beneficios recibidos. Véase el inciso III de la nota al caso de *Johnson County Savings Bank* v. *City of Creston*, 84 A.L.R. 926, 954.

La sección 26 de la Ley Municipal de 1925 dispone:

"Entre las atribuciones de la asamblea municipal estarán especialmente las siguientes, con sujeción a las demás disposiciones de esta Ley:

"1. . . . . . . . .

"2. La venta, permuta, gravamen o arrendamiento de propiedades inmuebles municipales y la construcción de teatros y edificios públicos, plazas, parques y calles."

La sección 33 provee:

"El director de obras públicas dirigirá y administrará todas las obras de carácter municipal; tendrá a su cargo todos los edificios, fincas y terrenos municipales, y llenará todos los requisitos y cumplirá todos los deberes y obligaciones que le impusieren las ordenanzas municipales, las leyes de la Isla y el Acta Orgánica."

Para los fines de esta opinión puede admitirse que el Alcalde y el Director de Obras Públicas Municipales podían haber anunciado la subasta y actuado como una junta de subasta a tenor de una resolución de la asamblea municipal confiriéndoles tal autorización. Sin actuación por parte de la Asamblea el Alcalde y el Director de Obras Públicas Municipales no estaban autorizados para anunciar una subasta, y en ausencia de tal autorización no estamos preparados

para presumir que sí anunciaron la subasta. Si la demanda no niega el hecho de que el Alcalde y el Director de Obras Públicas Municipales pudieron haber anunciado la subasta, sí niega el hecho de que el municipio pudo haber anunciado tal subasta o pudo haber autorizado al Alcalde y al Director de Obras Públicas Municipales a anunciar tal subasta, puesto que alega que la asamblea municipal varios años después trató de ratificar la actuación del Alcalde y del Director de Obras Públicas Municipales al aceptar el trabajo y reconocer la deuda. Si la asamblea municipal hubiese anunciado la subasta o hubiera autorizado que se anunciara la misma y si el contrato le hubiera sido adjudicado a Tomasini como postor fructuoso, entonces no hubiera habido necesidad de ratificación alguna ni de alegar nada sobre tal ratificación.

En *Serra* v. *Municipio de Ponce,* 47 D.P.R. 144, este tribunal citó de 44 Corpus Juris 121, sección 2224, lo siguiente:

"La regla general es que toda presunción legal será aplicada con la mayor laxitud para sostener la validez de un contrato municipal, y la defensa de *ultra vires* debe sostenerse mediante la correspondiente alegación y prueba, incumbiendo probar tal defensa a la parte que la suscita. Aun cuando las disposiciones del estatuto o de la franquicia sean imperativas, la presunción es que las autoridades al celebrar el contrato acataron el mismo."

El texto presupone un supuesto contrato con el municipio. La presunción de referencia se hace para sostener la validez de un *contrato municipal.* Ella no significa que un municipio, al ser demandado a base de un contrato que se alega fué celebrado con el alcalde y con un director de obras públicas municipales y ratificado varios años después por una ordenanza de la asamblea municipal, no puede excepcionar la demanda por falta de hechos suficientes para determinar una causa de acción, por aparecer de la faz de la demanda, al leérsele a la luz de un estatuto que define y

limita las facultades del alcalde, del director de obras públicas, de la asamblea municipal y del municipio mismo, que el presunto contrato era *ultra vires* y nulo *ab initio* y no susceptible de ser ratificado por la asamblea municipal. La demanda debe alegar hechos que demuestren responsabilidad. Véase 44 Corpus Juris 1479, sección 4698 y casos citados en la nota 33.

En el caso de Serra el demandante alegó la celebración de un contrato con el municipio, no con el alcalde y director de obras públicas. Se había declarado sin lugar una excepción a la demanda. El contrato mismo, que era un documento escrito, fué ofrecido como prueba. El municipio había negado las alegaciones esenciales de la demanda y alegado que el contrato, de existir, era *ultra vires,* mas luego admitió que el demandante, de ocupar la silla testifical, declararía sobre los hechos alegados en la demanda, y solicitó sentencia sobre las alegaciones. La sentencia de la corte de distrito fué confirmada debido a que el demandado no presentó prueba alguna en apoyo de las alegaciones afirmativas de su contestación para demostrar que el contrato realmente era *ultra vires.*

El único caso citado por Corpus Juris en apoyo de la aseveración final del extracto, supra, es *Harold* v. *City of Huntington,* 82 S. E. 476. Tomamos el siguiente extracto de esa opinión:

"Se sostiene que toda vez que el acta no demuestra que en la resolución concurrieran dos terceras partes de los miembros de la asamblea presentes, la misma es nula. De su faz el contrato parece justo y razonable y es de la clase de contratos que la ciudad está facultada a celebrar, y la regla invariable de las cortes, en tales casos, es hacer toda presunción legal en favor de su validez. 28 Cyc. 675. No se presumirá, en ausencia de prueba en contrario, que faltaba el voto de dos terceras partes de los asambleístas presentes. No obstante, aunque la disposición legal puede ser imperativa, la presunción es que la asamblea cumplió con ella. Marklove v. Utica, etc., R. Co., 48 Misc. Rep. 258, 96 N. Y. Supp. 795."

En el presente caso, conforme hemos demostrado, el demandante no alegó que la orden del alcalde y del director de obras públicas fué dada por ellos como agentes de la asamblea municipal o del municipio o que la orden fué dada por la asamblea municipal o por el municipio a través de un agente autorizado. Por el contrario, conforme también hemos demostrado, ni el alcalde, ni el director de obras públicas tenían facultad alguna para representar al municipio a menos que estuvieran autorizados por la asamblea municipal, y la teoría de la demanda fué la de un acto no autorizado, posteriormente ratificado por la asamblea municipal. A no ser que tengamos que asumir que el acto original no autorizado fué precedido por una subasta pública que el alcalde y el director de obras públicas no tenían facultad para otorgar sin previa autorización por la asamblea municipal, entonces (repetimos) la asamblea municipal no tenía más autoridad para ratificar los actos *ultra vires* del alcalde y del director de obras públicas municipales, que la que tenían el alcalde y el director de obras públicas municipales para actuar en primera instancia sin autorización de la asamblea municipal. En ninguno de los casos citados por el apelante ha ido una corte tan lejos como se nos pide que vayamos al interpretar la presunción relativa a la validez de actos o contratos *ultra vires*.

El apelante en el curso de su argumentación también ha insistido en que la corte de distrito cometió error al desestimar el recurso por motivos en que no se basaba el demandado y que tampoco fueron discutidos por las partes en sus alegatos. Tal vez hubiera sido mejor práctica para la corte de distrito haber dado a las partes la oportunidad de ser oídas sobre la cuestión por ella suscitada, pero no estamos preparados para decir que la corte inferior estuviera obligada a considerar solamente los fundamentos en que se basaba el municipio en su defensa especial o que el declarar sin lugar la demanda por falta de hechos o el

812

establecer durante el juicio hechos suficientes para determinar una causa de acción contra el municipio fuera un error que dé lugar a la revocación. El demandante pudo haber solicitado una nueva vista sobre la cuestión realmente resuelta por la corte de distrito o por lo menos pudo haber solicitado la modificación de la sentencia a fin de enmendar la demanda si el supuesto contrato realmente había sido precedido por una subasta pública y por una orden al demandante como postor fructuoso.

El error, de haberse cometido, de resolver el caso por los fundamentos no suscitados por ninguna de las defensas especiales del demandado, no se demuestra que haya sido perjudicial.

*La sentencia apelada debe ser confirmada.*

Los Jueces Señores Presidente del Toro y Asociado Córdova Dávila no intervinieron.