Francisco González Fagundo, demandante y apelante, *v.* Municipio de Las Piedras, demandado y apelado.

Núm. 8538.—*Sometido:* Enero 27, 1943. *Resuelto:* Febrero 4, 1943.

*Faustino R. Aponte,* abogado del apelante; *Modesto Velázquez Flores,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

El apelante, un abogado, demandó al Municipio de Las Piedras en cobro de $540 por servicios profesionales rendidos durante el año fiscal 1939–40 de conformidad con contratos celebrados entre él y el Alcalde del referido municipio. El Alcalde estaba autorizado a firmar tales contratos a virtud de resoluciones pertinentes aprobadas por la Asamblea Municipal. La corte de distrito desestimó la demanda por el fundamento de que los contratos eran nulos y sin efecto legal alguno toda vez que no se había hecho asignación para el año fiscal 1939–40, para el pago de tales servicios profesionales. El demandante ha apelado de tal sentencia.

El apelante alega en primer término que de acuerdo con la estipulación firmada por las partes, el Municipio estaba impedido de establecer la defensa sobre la cual se basó la sentencia de la corte de distrito. Esta contención es frívola. El párrafo 8 de la estipulación especialmente reservó la defensa en cuestión en el siguiente lenguaje inequívoco:

"Es el deseo del demandado que contra la reclamación del demandante en este caso se entienda interpuesta únicamente la defensa aducida en el párrafo o apartado 10 de la contestación y que se considere únicamente por el tribunal la prueba presentada por dicho demandado para sostener la mencionada defensa, o sea, que en el presupuesto Municipal de Las Piedras correspondiente al año 1939–40 no había partida ni crédito asignado para cubrir las obligaciones contraídas con el demandante."

El artículo 8, inciso 9, de la Ley Municipal (Ley núm. 53, Leyes de Puerto Rico, 1928, pág. 335), dispone que "no se podrá incurrir en obligación o deudas fuera de los créditos asignados en presupuesto . . .". Esta disposición es mandatoria. (5 McQuillin, *Municipal Corporations,* 2nd ed., Sec. 2331, pág. 963; idem, Vol. 3, Sec. 1282, pág. 847; *Simpson* v. *City of Highwood,* 23 N. E. 2d 62, 66 (Ill. 1939). Está firmemente establecida la regla de que un contrato con un municipio para la venta y entrega a éste de mercancía es *ultra vires* y nulo si, al tiempo de la transacción, no hay asignada suma alguna en el presupuesto municipal con el objeto de sufragar tal obligación, o si al tiempo en que se entrega la mercancía, la partida asignada para dicho fin en el presupuesto ha sido agotada. *Moscoso Hno. & Cía.* v. *Municipio,* 50 D.P.R. 188, 190; *Humacao Lumber Co.* v. *American Surety Co.,* 59 D.P.R. 165, 169; *Municipality of Río Piedras* v. *Serra Garabís & Co.,* 65 F. (2d) 691, 693, 694 (C. C. A. 1st, 1932); 3 McQuillin, supra, Sec. 1282, pág. 845.

No vemos diferencia alguna entre contratos por servicios legales a ser rendidos a un municipio y "obligaciones o deudas" de cualquier otra índole. Siendo absoluta la prohibición para que no se contraigan deudas cuando no existen asignaciones para sufragarlas, necesariamente incluye contratos por servicios legales. *Butler* v. *City of Charlestown,* 7 Gray 12 (Mass. 1856); 3 McQuillin, supra, Sec. 1275, pág. 824; idem, Sec. 1277, pág. 826, nota 35. En verdad, las consideraciones de orden público que dieron lugar a esta regla de ley se aplican tanto a contratos por servicios legales como a otras clases de obligaciones. Toda vez que no hubo asignación en el presupuesto municipal para el año fiscal 1939-40, para sufragar los gastos ocasionados por los contratos por servicios legales celebrados entre el apelante y el Municipio, dichos contratos eran *ultra vires* y nulos. Véanse Anotaciones en 136 A.L.R. 116, 123; 83 A.L.R. 135.

■ Cualquiera que sea la regla con referencia a contratos privados no puede resolverse que contratos *ultra vires* y nulos bajo las circunstancias aquí envueltas puedan ser ratificados por pagos parciales a cuenta de los servicios rendidos bajo los mismos. 3 McQuillin, supra, Séc. 1357, págs. 961–62; véase *Tomasini* v. *Municipio de Ponce,* 50 D.P.R. 804, 808.

*La sentencia de la corte de distrito será confirmada.*