JUAN TORRELLAS, demandante y apelante, *v.* MUNICIPIO DE YABUCOA, demandado y apelado; ERNESTO CARRASQUILLO, interventor y apelado.

Núm. 8458.—*Sometido:* Mayo 4, 1943. *Resuelto:* Junio 11, 1943.

*Francisco González Fagundo* y *F. González, Jr.,* abogados del apelante; *Cruz Ortiz Stella,* abogado del demandado apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

El 19 de diciembre de 1940 Juan Torrellas radicó demanda en la Corte de Distrito de Humacao contra el Municipio de Yabucoa, en cobro de pesos.

Alegó que suministró a dicho municipio piedra en bloque y triturada para la construcción de ciertas obras, siéndole su importe satisfecho, y como dicho material no alcanzara para la terminación de una de ellas, el municipio le pidió que siguiera suministrándolo y así lo hizo sin que se le haya pagado su valor—$1,747.50—a pesar de haber requerido a su deudor para ello.

Cuatro días después compareció el municipio demandado por su alcalde aceptando la certeza de los hechos alegados en la demanda y allanándose a que se dictara sentencia en su contra. Acompañó copia de la Resolución núm. 69 de la Asamblea Municipal de Yabucoa autorizando al alcalde para allanarse. Uno de los por cuantos de la resolución lee así:

"Por cuanto los fondos que había disponibles procedentes de empréstitos contratados para atender a la compra de piedra, se han agotado totalmente, habiéndose originado una deuda con el contratista Sr. Torrellas por el exceso de piedra suministrada sobre lo presupues-

tado, cuya obligación el municipio no puede atender de momento por carecer de los recursos necesarios, habiéndose notificado así al interesado.''

El dos de enero siguiente la corte de distrito fijó la audiencia del siete de dicho mes para que demandante y demandado comparecieran y la ilustraran sobre si la demanda aducía causa de acción que justificara el pronunciamiento de una sentencia válida e inatacable.

Así las cosas, tres días antes del señalado para la vista, Ernesto Carrasquillo alegando ser contribuyente del Municipio de Yabucoa y su alcalde electo, pidió intervenir en el litigio. Luego, en enero 9, 1941, enmendó su petición y acompañó una demanda de intervención contentiva de la siguiente defensa especial:

"Que a la fecha en que se contrajo la deuda objeto de la reclamación del demandante en este caso, no existía en el presupuesto del municipio demandado asignación alguna para hacer frente a dicha deuda.''

En enero siete el demandante y el municipio demandado por su abogado se opusieron a la intervención. En enero veinte el interventor Carrasquillo comunicó a la corte que había tomado posesión de su cargo de alcalde. En junio trece del mismo año, aparece radicada una contestación del municipio demandado en la que se niegan general y específicamente todos y cada uno de los hechos de la demanda y se alega la misma defensa especial que alegó el interventor.

Así las cosas, en octubre 1, 1941, la corte dictó sentencia declarando la demanda sin lugar por no aducir hechos suficientes para constituir una causa de acción en contra del municipio. En su relación del caso y opinión se expresó así:

"La primera cuestión a resolver es si el interventor como contribuyente del Municipio de Yabucoa, puede o no intervenir en estos casos, y la cuestión a nuestro juicio debe resolverse en la afirmativa. (6 McQuillin, pág. 951, sec. 2748.) Sobre todo, como surge en este caso, de las alegaciones de las partes, que el municipio demandado dejó de producir una buena y material defensa a la causa de acción

contra él entablada por el demandante, y decimos esto, porque la propia contestación del demandado allanándose a las pretensiones del demandante, está basada en Resolución Núm. 69 de la Asamblea Municipal del municipio demandado, copia certificada de la cual se acompaña a la misma, y de ésta aparece, sin duda alguna, de una manera expresa que el Municipio de Yabucoa al comprar la piedra que motiva este pleito no tenía asignada suma alguna en el presupuesto municipal para cubrir dicha obligación, ni tenía fondos disponibles para pagar la misma. (*Tomasini* v. *Municipio de Ponce,* 50 D.P.R. 804, 805; *Moscoso Hno. & Cía.* v. *Municipio,* 50 D.P.R. 188, 190.)

"Estamos de acuerdo con el demandante en que, a tenor de lo resuelto en el caso de *Serra* v. *Municipio de Ponce,* 47 D.P.R. 144, 149, al municipio demandado le corresponde alegar y probar, como defensa especial, la defensa que en este caso plantea el interventor, para impedir el pago de la reclamación del demandante, y dentro de esta jurisprudencia estaríamos dispuestos a declarar sin lugar la excepción de falta de causa de acción, pero acompañándose a la moción de allanamiento del municipio demandado, como parte de la misma, la ordenanza antes referida huelga toda prueba sobre el extremo esencial a probar en estos casos, ya que la dicha ordenanza, expresamente sostiene la inexistencia de los fondos necesarios a cubrir la reclamación del demandante, y aceptada dicha inexistencia de fondos, es de perfecta aplicación la jurisprudencia del caso de *Serra* v. *Municipio de Ponce,* 47 D.P.R. 144, 149."

Contra la indicada sentencia interpuso el demandante el presente recurso de apelación, señalando en su alegato dos errores como cometidos por la corte de distrito al permitir la intervención y al estimar probada la defensa alegada por el interventor.

Es cierto que la propia autoridad citada por el juez sentenciador, basándose en la jurisprudencia sobre la materia, sostiene que en estos casos "La demanda es esencialmente una demanda de clase. 'Como tal debe radicarse a nombre de y por la clase, pues de lo contrario cada contribuyente tendría un derecho separado a radicar una demanda en su propio nombre y derecho, trayendo como resultado gran confusión y multiplicidad de pleitos.' De ahí que una demanda radicada por un contribuyente en su propio nom-

bre y derecho que no alega que se radica para beneficio suyo y de otros ciudadanos y contribuyentes, no es una demanda de contribuyente. Se ha decidido que una persona, sólo por el hecho de ser un contribuyente, no tiene tal interés que le dé derecho a intervenir en un litigio del cual es parte el municipio." 6 McQuillin, Municipal Corporations, §2748, pág. 951.

Pero también señala dicha autoridad el caso de excepción en el qué puede considerarse comprendido el interventor Carrasquillo, a saber:

"Empero, si al ser demandado el municipio rehusa alegar una defensa esencial, los contribuyentes directamente interesados en el resultado tienen derecho a intervenir y alegar tal defensa. Así cuando el demandante y el municipio demandado conspiran entre sí para ayudar al primero a obtener sentencia sobre obligaciones del condado (*county warrants*), un contribuyente tiene tal interés que lo autoriza a intervenir y defenderse." 6 McQuillin, Municipal Corporations, §2748, pág. 951.

El primer error no fué, pues, cometido. Tampoco el segundo, a nuestro juicio, ya que de la propia ordenanza autorizando el allanamiento acompañada a la moción del municipio, surge que la autorización era contraria al inciso 9 del artículo 8 de la Ley Municipal, Leyes de 1928, pág. 343, que prescribe que no podrá incurrirse en obligaciones o deudas fuera de los créditos asignados en presupuesto, y a la repetida jurisprudencia de este Tribunal sobre la materia, que establece que es nula la venta de materiales a un municipio agotada la partida asignada en presupuesto para hacer frente a la obligación. *Humacao Lumber Co.* v. *Am. Surety Co.*, 59 D.P.R. 165 y casos citados en el mismo. El argumento de que el allanamiento debe interpretarse como una renuncia de defensa no tiene mérito porque tal renuncia no podría reconocerse por ser contraria a la política pública como ha sido declarada por la ley.

*Procede la confirmación de la sentencia recurrida.*