RAÚL GAYÁ BENEJAM, demandante y apelante, *v.* GOBIERNO
DE LA CAPITAL, demandado y apelado.

Núm. 9511.—*Sometido:* Diciembre 9, 1947.  *Resuelto:* Febrero 27, 1948.

*Harry B. Llenza,* abogado del apelante; *Fernando B. Fornaris, Carlos del Toro Fernández, Manuel A. Bustelo, James E. Curry* y *Miguel Parga,* abogados del apelado.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

El Tribunal de Distrito de San Juan dictó sentencia en este caso declarando sin lugar la demanda, a virtud de la cual Raúl Gayá Benejam reclamaba del Gobierno de la Capital el pago de $1,717 en concepto de materiales suministrados por el demandante en el año 1938 en relación con el

arreglo de cierta tubería del acueducto. Alegó el demandante que tres órdenes para suministrar dichos materiales fueron debidamente firmadas por el Administrador y Director de Obras Públicas del Gobierno demandado y que a pesar de las gestiones de cobro realizadas por él dicha deuda no había sido satisfecha.

El Gobierno de la Capital negó los hechos de la demanda y como defensa alegó que en el supuesto que dichas órdenes hubieran sido firmadas por los indicados funcionarios las mismas eran *ultra vires* e ilegales por no haber sido otorgadas previa la celebración de subasta; y porque al tiempo de emitirse y en el momento en que fueron cumplimentadas no había dinero ni fondos asignados ni disponibles en la partida correspondiente para efectuar los pagos de las mismas; y porque estas órdenes no fueron registradas en el libro correspondiente del Auditor del demandado, ni suscritas ni aprobadas por dicho funcionario.

Al iniciarse la vista del caso en la corte inferior se celebró una conferencia anterior al juicio[1] y como consecuencia de ella las partes estipularon lo siguiente: ". . . . hemos llegado al acuerdo de que el Gobierno de la Capital admite los hechos de la demanda, solamente levantando su defensa de que estas órdenes . . . no pueden satisfacerse porque se hicieron sin partida en el presupuesto y por no estar autorizadas por el Auditor del Gobierno de la Capital en esa fecha."

Practicada prueba documental por el demandante y testifical y documental por el demandado la corte, como hemos dicho, desestimó la demanda. El demandante apeló y en este recurso alega que la corte sentenciadora erró: (1) al permitir que el testigo Rafael Calderón Grau declarara sobre la práctica a seguir para la legalidad de una orden para efectos y materiales; (2) al admitir en evidencia los *exhibits* A y B del demandado, porque (*a*) no fueron debidamente identificados, y (*b*) porque no eran la mejor prueba para

[1] Regla 16 de las de Enjuiciamiento Civil.

demostrar la defensa del demandado, y (3) al resolver que en el presupuesto del Gobierno de la Capital para el año económico 1938–39, no había partida alguna para pagar las órdenes a que se refiere este pleito.

El primer señalamiento carece de méritos. Al testigo Rafael Calderón Grau, contable de la Auditoría del demandado, se le preguntó que cuál era la práctica que se seguía para tramitar una orden por efectos y materiales, y explicó que el jefe del departamento que necesita el material expide una orden firmada por él la cual pasa a la firma del alcalde para su aprobación y entonces pasa a la Auditoría Municipal para ser registrada contra la partida y la asignación de esa partida; que si ésta tiene crédito se registra y entonces es que la orden es legal.

Aceptando que la última frase usada por el testigo es una conclusión a que tenía que llegar la corte, el resto de su declaración fué consecuencia de haberse presentado por el demandante copias de las tres órdenes para suministrar materiales, de fecha 4 de agosto de 1938, firmadas por el Director de Obras Públicas y por el Administrador de la Capital, pero no por el Auditor. Es cierto que, como arguye el apelante, la presunción legal es que los contratos se presumen válidamente celebrados y que la defensa de ultra vires debe sostenerse mediante la correspondiente alegación y prueba, incumbiendo probar tal defensa a la parte que la suscita; *Tomasini* v. *Municipio de Ponce*, 50 D.P.R. 804, 809; empero, precisamente para controvertir dicha presunción fué que el demandado presentó prueba en cuanto a la práctica que se sigue en relación con estas órdenes de materiales ya que, en ninguna de las presentadas por el demandante aparece la firma del Auditor certificando que las mismas habían sido registradas y que había crédito disponible en la partida correspondiente para su pago. La pregunta sólo requería una explicación de los trámites usualmente seguidos para la aprobación definitiva de esta clase de órdenes.

Arguye el apelante que las órdenes habían sido aceptadas por el demandado y que éste sólo descansaba en su defensa de falta de asignación en presupuesto para pagar su importe. No tiene razón. La estipulación de las partes demuestra que la defensa del demandado fué en efecto ésa, pero también el hecho de que las órdenes no estaban autorizadas por el Auditor del Gobierno de la Capital.

■■ Alega el apelante en su segundo señalamiento que la corte erró al admitir en evidencia los exhibits A y B del demandado.

Estos exhibits consisten de dos volúmenes conteniendo las Ordenanzas y Resoluciones aprobadas por la Junta de Comisionados del Gobierno de la Capital correspondientes a los años 1936–1937 y 1938–1939. Estos volúmenes fueron publicados de acuerdo con el artículo 43 de la Ley núm. 99, "Para establecer un Gobierno Especial para la Capital de Puerto Rico, y para otros fines", aprobada el 15 de mayo de 1931 (pág. 627), que en lo pertinente dispone: "Al final de cada año económico se formará un volumen con las ordenanzas aprobadas, imprimiéndose y vendiéndose al precio razonable que fijare la Junta de Comisionados."

Arguye el apelante que la corte erró al admitir el presupuesto del año 1937–38 contenido en el exhibit B, así como la Ordenanza 519 A que enmendaba dicho presupuesto, contenida en el exhibit A, toda vez que dichos documentos no fueron identificados debidamente por el Secretario del Gobierno de la Capital mediante el libro de actas a su cargo.

No tiene razón el apelante. Es más, la cita que hace en su alegato, tomada de 22 C. J. 794, es contraria a su contención porque en ella se dice: "Libros o panfletos que se suponen contienen las ordenanzas de una ciudad y publicados por autoridad municipal frecuentemente se consideran prueba prima facie de tales ordenanzas por disposición de ley, y se ha sostenido que son admisibles aun en ausencia de una disposición expresa y aun cuando una forma distinta de prueba se permita por estatuto u ordenanza."

La publicación oficial de las ordenanzas y resoluciones aprobadas por un municipio, autorizado por ley, tiene la presunción de ser correcta. El artículo 69 de la Ley de Evidencia (Art. 431, Código de Enjuiciamiento Civil, Ed. 1933) dispone que "Otros documentos oficiales podrán probarse como sigue: 5. Los actos de una corporación municipal de Puerto Rico, o de una junta o departamento de la misma, mediante copia, certificada por el correspondiente archivero, *o mediante un libro impreso, publicado por autoridad de dicha corporación.*" (Bastardillas nuestras.) En- el caso de autos los dos volúmenes admitidos como prueba son publicaciones oficiales del Gobierno de la Capital, autorizados por el artículo 43, supra. Ninguna prueba presentó el demandante que tendiera a demostrar que las ordenanzas sobre el presupuesto del año 1937–38 no eran correctas. No erró la corte al admitirlas.

Sostiene el apelante, sin embargo, que en la hipótesis de que fueran admitidas legalmente no constituían la mejor prueba para probar la defensa del demandado, de que las órdenes eran ultra vires. La contención del apelante es que la mejor prueba eran los libros donde se hacían los asientos de las partidas consignadas en presupuesto, pues en dichos libros se van haciendo constar las erogaciones autorizadas y que la única forma de poder determinar en cualquier momento si restan fondos disponibles en cada partida para afrontar un gasto es consultando dichos libros. Cita, además, el apelante los incisos 3 y 4 del artículo 20 de la Ley núm. 99 de 1931,(²) para sostener que la Junta Admi-

---

(²) El artículo 20 dispone que "Los funcionarios especificados en el artículo 10 de esta Ley, con excepción del auditor y del secretario de la capital, constituirán un organismo oficial que se denominará 'Junta Administrativa de la Capital', la cual será presidida por el Administrador de·la Capital, y tendrá las siguientes facultades:

"(1) . . . . . . . . ;

"(2) . . . . . . . .. .;

"(3) La aprobación de gastos imprevistos contra partidas de fondos ordinarios o de instrucción;

"(4) Transferencias de créditos entre cualesquiera partidas de fondos ordinarios o de instrucción."

nistrativa tenía autoridad para aprobar gastos imprevistos contra partida de fondos ordinarios y que al aprobar el pago[3] de las cantidades reclamadas dicha Junta actuó legalmente, ya que podía transferir fondos de la partida Núm. 3506 de $3,500 de reparación y conservación de tubería a la Núm. 3516 de $500 de Imprevistos.

Aceptando, sin resolverlo, como hizo la corte inferior, que la Junta pudiera hacer dicha transferencia de fondos, el hecho primordial en este caso, como también lo hizo constar la corte a quo, es que el demandante no presentó prueba que demostrara que la Junta Administrativa hiciera transferencia alguna de la partida Núm. 3506 a la Núm. 3516. Con razón dijo la corte sentenciadora "El hecho de haberse suscrito las órdenes mencionadas en la forma en que lo fueron, con cargo a la partida Núm. 3516, claramente tiende a demostrar lo contrario." Correspondía al demandante probar que la Junta Administrativa había autorizado la transferencia y no lo hizo, ya que su propia prueba demostró que la Junta autorizó el desembolso de $1,717 con cargo a una determinada partida, la Núm. 3516, que sólo tenía una asignación de $500.

▆ Por último, la corte inferior resolvió que la partida Núm. 3516—Imprevistos—$500, incluída en el presupuesto no podía utilizarse para hacer frente, total o parcialmente, al pago de los materiales ordenados. Basó su conclusión en la sección 3 de la Ordenanza 405 del presupuesto que dispone, en lo pertinente, que:

"Las partidas de 'Imprevistos' consignadas en este presupuesto se destinarán únicamente a cumplir gastos imprevistos en las partidas de las distintas oficinas del Gobierno de la Capital que se destinan a la adquisición de materiales, equipo y en la rendición de servicios públicos. . . ."

---

[3] Al calce de cada una de las órdenes objeto de esta acción se hizo constar "Certifico: Que la Junta Administrativa, en su sesión ordinaria celebrada el día 4 de agosto de 1938, aprobó este desembolso con cargo a la Partida núm. 3516, Imprevistos Acueducto. (Fdo.) Luis A. Castro, Secretario."

Aceptando, sin resolverlo, que sea correcta la interpretación que a esta sección le dió la corte a quo, consideramos que apareciendo en cada una de las órdenes objeto de esta acción en blanco y sin firmar, el certificado del Auditor de la Capital(4) al efecto de acreditar que habían sido registradas en su departamento y de que en la partida Núm. 3516, después de deducirse el importe total de órdenes anteriores, había crédito disponible para el pago de los materiales ordenados, dichas órdenes, de su faz, demuestran que no podían ser satisfechas, pues el artículo 36 de la Ley núm. 99 de 1931, supra, en lo pertinente, dispone que el Auditor de la Capital: ''Firmará los libramientos y *órdenes de pago que hayan de efectuarse de los fondos públicos de San Juan.''* (Bastardillas nuestras.) La prueba testifical no contradicha, demostró, además, que cuando la partida contra la cual se gira tiene crédito la orden se registra por el Auditor en sus libros. No apareciendo ni aprobadas ni registradas por el Auditor de la Capital las órdenes del demandante, la única conclusión a que puede llegarse es que la partida Núm. 3516, contra la cual se cargaron dichas órdenes por la Junta Administrativa, carecía de crédito disponible para su pago. Y siendo esto así no erró la corte sentenciadora al desestimar la demanda. *Torruellas* v. *Municipio,* 62 D.P.R. 217; *González* v. *Municipio,* 61 D.P.R. 369.

*Se confirma la sentencia apelada.*

El Juez Asociado Sr. Marrero no intervino.

---

(4)La del Exhibit Núm. 1 del demandante dice:

''CERTIFICO: Que en la partida arriba expresada, después de deducirle el importe total de todas las órdenes verificadas por mí anteriormente, hay crédito disponible para el pago de los artículos o materiales enumerados en la presente.

: No. 282
: Dependencia 350
: No. del Auditor_____
: Registrada hoy_____:
: Folio del Registro
: de órdenes_____,''

_____

Auditor de la Capital