Moscoso Hno. & Cía., S. en C., demandante y apelante, *v.* Municipio de Jayuya, demandado y apelado.

Núm. 6658.—*Sometido:* Diciembre 10, 1935. *Resuelto:* Junio 5, 1936.

*R. Cintrón Lastra* y *Fernando Zapater*, abogados de la apelante; *A. Fiol Negrón*, abogado del apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

La demandante instó pleito para recobrar del Municipio de Jayuya la suma de $1,057.79 como precio de ciertos productos químicos de farmacia y medicinas que alegaba haber vendido y entregado a dicho municipio. Sostenía que estos efectos habían sido vendidos en cuenta corriente, que el importe total de la deuda había sido reconocido por el municipio, que éste había convenido en incluir la partida en su presupuesto correspondiente al año 1928–29, y que no lo hizo así. Ella apela ahora de una sentencia adversa y sostiene que:

"Primer error: Erró la Corte al resolver que la demandante no ha probado que el Municipio de Jayuya tomara efectos de farmacia y medicinas a la demandante por valor de $1057.79.

"Segundo error: Erró la Corte al resolver que si bien la demandante ha probado que suministró medicinas y efectos de farmacia al Municipio de Jayuya, esto no se hizo en forma legal, es decir, cumpliendo con los requisitos expresos de la Ley Municipal y Reglamento de Contabilidad Municipal vigente."

La corte de distrito admitió en evidencia, con la objeción del demandado, el siguiente documento:

"CERTIFICACIÓN. Yo, Ángel D. Falcón, Auditor Municipal de Jayuya, P. R., por la presente CERTIFICO: Que los Sres. Moscoso Hno. & Co., S. en C., de Ponce, P. R., tienen créditos pendientes de cobro en este Municipio por valor de MIL CINCUENTA Y SIETE DÓLARES con SETENTA Y NUEVE CENTAVOS ($1,057.79), que están registrados a favor de los libros (*sic*) de Contabilidad de esta Auditoría a mi cargo. Que dicha deuda no les ha sido satisfecha ni en todo ni en parte; pero que les será pagada con los ingresos ordinarios del corriente año económico de 1928–29, probablemente, y de acuerdo con el cobro de contribuciones, dentro de los próximos noventa días a contar desde la fecha del presente certificado. Y, para que dichos señores puedan hacer el uso comercial que estimen conveniente de este documento, expido la presente certificación de Jayuya, P. R., hoy día seis de

diciembre 1928. (Fdo.) Ángel D. Falcón, Auditor Municipal.—(Hay un sello en tinta que dice: 'Gobierno Municipal—Jayuya, P. R.', y otro, 'Moscoso Hermano & Go., S. en C., por (firma ilegible) Gestor.' "

Fuera de cualquier cuestión relativa al valor probatorio de tal evidencia, fuera de cualquier cuestión en torno a la suficiencia de la prueba de la demandante en lo atinente al valor total de los efectos suministrados al municipio o sobre cualquier parte del mismo, y fuera de numerosas otras cuestiones discutidas en los alegatos, bastará decir que el supuesto contrato era *ultra vires* y nulo, toda vez que al tiempo de la transacción no se había asignado suma alguna en el presupuesto municipal con el objeto de hacer frente a tal obligación. Véase el inciso 9, sección 8, Ley Municipal, Leyes de 1928, págs. 339, 343. De ahí se desprende que la demandante no podía recobrar ni basada en la teoría de un contrato expreso ni en la teoría de uno implícito. *Municipality of Río Piedras* v. *Serra Garabís & Co.*, 65 Fed. (2d) 691; *Roberts* v. *City of Fargo,* 86 N. W. 726 (N.D.); *Hurley* v. *City of Trenton,* 49 A. 518; *Empire Voting Machine Co.* v. *City of Chicago,* 267 Fed. 162; *City of Litchfield* v. *Ballou,* 114 U. S. 190; *Hagerman* v. *Hagerman,* L.R.A. (1915 A) 904, 910; 44 Corpus Juris 136, sec. 2247; 84 A.L.R. 936; 7 A.L.R. 361; 19 R.C.L. 1060–1066, secs. 344–354; Dillon, on Municipal Corporations, vol. 1, pág. 549, sec. 297.

*La sentencia apelada debe ser confirmada.*

Los Jueces Asociados Señores Córdova Dávila y Travieso no intervinieron.