Humacao Lumber Co., demandante y apelada, *v.* American Surety Co. of New York, Juan Jaime y Mario Fuentes Morales, demandados y apelantes.

Núm. 8241.—*Sometido:* Junio 3, 1941. *Resuelto:* Julio 21, 1941.

166

*Harry F. Besosa,* abogado de los apelantes; *F. González Fagundo,* abogado de la apelada.

El Juez Presidente Señor Del Toro emitió la opinión del tribunal.

La demandante, una sociedad constituída con arreglo a las leyes de Puerto Rico, con su oficina principal en Humacao, demandó ante la corte del distrito a la American Surety Co. of New York, una compañía de fianzas autorizada para negociar en esta Isla y a Mario Fuentes y Juan Jaime, Alcalde y Secretario-Auditor del Municipio, puestos que desempeñaron hasta enero 11, 1937, en reclamación de setecientos treinta y ocho dólares y cuarenta y un centavos.

Alegó tres causas de acción, basando la primera substancialmente en que el demandado Jaime, garantizado en su cargo por la compañía demandada con fianza de cinco mil dólares, el 16 de julio de 1936, en el ejercicio del mismo, expidió a la demandante, con la aprobación del Alcalde Fuentes, el certificado de crédito número 144 por la suma de $362.68 con cargo al presupuesto del municipio para el año 1936–37, sabiendo que al expedirlo no había en el presupuesto cantidad alguna que autorizara su expedición, habiendo sido defraudada la demandante ya que el municipio se niega a pagar el certificado alegando que carece de validez legal.

Por la segunda causa de acción y por la tercera se alegan hechos semejantes con relación a los certificados números 145 y 186 por valor de $197.25 y $178.48, respectivamente, expedidos el primero en julio 16 y el segundo en noviembre 2 de 1936.

La compañía demandada excepcionó la demanda por falta de hechos determinantes de una buena causa de acción, siendo la excepción declarada sin lugar. Contestó entonces negando las alegaciones de la demanda y alegando como defensas especiales, en resumen:

(*a*) Que la acción ejercitada aunque se titula "en cobro de dinero" lo es en realidad "de daños y perjuicios" de acuerdo con los artículos 1802 y 1868 del Código Civil, y está prescrita porque las órdenes fueron libradas en 1936 y la demanda se radicó en 1938;

(*b*) Que la fianza que prestó la compañía demandada lo fué "expresa y exclusivamente a favor del Municipio de Humacao para garantizar al Municipio de Humacao del fiel cumplimiento de Juan Jaime Méndez en su cargo de Secretario-Auditor y que éste honradamente daría al Municipio de Humacao cuenta fiel y exacta de todos los ingresos, honorarios, dineros, valores y propiedades pertenecientes al Municipio de Humacao que llegaren a sus manos como tal Secretario-Auditor Municipal";

·(*c*) Que según información y creencia de la demandada, la demandante solicitó del codemandado Jaime que actuaba entonces como Secretario-Auditor del Municipio de Humacao, que le expidiera los certificados de que se trata como constancia de mercancías vendidas por la demandante al Municipio y recibidas y usadas por éste durante el año económico 1936–37, y el dicho codemandado confiando en las manifestaciones de la demandante erróneamente accedió y libró los certificados como creditivos de deudas del municipio para con la demandante;

(*d*) Que según su información y creencia la demandante tenía conocimiento de que en el presupuesto del Municipio de Humacao de 1936–37 no había partida que autorizara la expedición y sabía por tanto que conforme a ley no tenía derecho a cobrar la mercancía que vendió, no habiendo sido defraudada en tal virtud por el codemandado Jaime;

(*e*) Que no habiendo la demandante exigido la correspondiente orden que según el reglamento de contabilidad debe expedirse antes o al tiempo de la entrega de la mercancía, y no habiéndose enterado de que existía partida en presupuesto para la compra, fué negligente;

(*f*) Que por información y creencia alega que el codemandado Jaime en su carácter personal o como Secretario-Auditor no recibió remuneración, pago o beneficio para expedir los certificados; y

(*g*) Que por información y creencia alega que las mercancías no fueron recibidas por el municipio.

Bajo esas alegaciones fué el pleito a juicio. Se practicó evidencia testifical y documental y el 29 de marzo de 1940 dictó la corte su sentencia declarando la demanda con lugar en cuanto a las dos primeras causas de acción, condenando a los demandados a pagar solidariamente a la demandante $559.25, con las costas y $150 para honorarios de abogado.

No conformes los demandados interpusieron el presente recurso de apelación. Imputan a la corte siete errores como cometidos al resolver que la demandante tiene existencia legal, al no declarar que la ejercitada es una acción de daños y perjuicios que ha prescrito, al reconocer efectividad a los certificados de crédito de que se trata, al estimar que dichos certificados pertenecen a la demandante, al decidir que la fianza prestada lo fué en beneficio de terceros, al concluir que la compañía fiadora es responsable por la expedición ilegal de los certificados y al declarar la demanda con lugar con costas y honorarios de abogado.

Los señalamientos de error se argumentan por separado extensamente en pro y en contra en los alegatos de las partes. No seguiremos el mismo orden. Después de haber estudiado el caso en su totalidad entendemos que procede la revocación de la sentencia por no estar sostenida por los hechos y la ley.

██ Prescindiremos de estudiar y resolver si la sociedad demandante existía o no a la fecha en que interpuso la demanda, si se trata o no de una acción de cobro de dinero o de daños y perjuicios, si los certificados de crédito salieron o no del poder de la demandante a virtud de endoso y si la fianza envuelta fué constituída a favor del municipio y de terceras personas o a favor del primero únicamente, limitándonos a la responsabilidad contraída por los demandados a virtud de la expedición de los certificados de crédito de que se trata.

De uno de los certificados, de aquél en que se basa la tercera causa de acción, prescindió la demandante en el acto de la vista. Con respecto a los otros dos, el 144 por $362.68, y el 145 por $197.25, se alega en la propia demanda que fueron expedidos por el Secretario-Auditor Municipal demandado sabiendo que no había en presupuesto partida alguna que autorizara su expedición conforme a ley, y se probó en el juicio por la declaración de Antonio Ginorio Rosas, actual Secretario-Auditor del Municipio de Humacao, testigo presentado por la propia demandante, que los pedidos de materiales que se intentó pagar después con los certificados, se hicieron cuando no podían hacerse, esto es, cuando ya la partida asignada en presupuesto se había agotado.

"De acuerdo con este libro," contestó textualmente al juez el testigo, "el día primero de julio se llevó a este libro el presupuesto donde aparece una asignación de $250 y el mismo día 1 de julio aparece una anotación para la Compañía Azucarera El Ejemplo por $584.53. De manera que el mismo día que se hizo la asignación se sobregiró la partida en $234 y ya no podía, de acuerdo con la ley, hacerse ninguna anotación más."

Y en el caso de *Moscoso Hno. & Cía.* v. *Municipio*, 50 D.P.R. 188, 190, en el que la demandante instó pleito para recobrar del Municipio de Jayuya la suma de $1,057.79 como precio de ciertos productos químicos de farmacia y medicinas

que alegaba haber vendido y entregado al municipio y en el que se introdujo en evidencia un certificado creditivo de la deuda, de igual naturaleza a los aquí expedidos por el Secretario-Auditor demandado, resolvió esta corte:

"Fuera de cualquier cuestión relativa al valor probatorio de tal evidencia, fuera de cualquier cuestión en torno a la suficiencia de la prueba de la demandante en lo atinente al valor total de los efectos suministrados al municipio o sobre cualquier parte del mismo, y fuera de numerosas otras cuestiones discutidas en los alegatos, bastará decir que el supuesto contrato era *ultra vires* y nulo, toda vez que al tiempo de la transacción no se había asignado suma alguna en el presupuesto municipal con el objeto de hacer frente a tal obligación. Véase el inciso 9, sección 8, Ley Municipal, Leyes de 1928, págs. 339, 343. De ahí se desprende que la demandante no podía recobrar ni basada en la teoría de un contrato expreso ni en la teoría de uno implícito. *Municipality of Río Piedras* v. *Serra Garabís & Co.*, 65 F. (2d) 691; *Roberts* v. *City of Fargo,* 86 N. W. 726 (N. D.); *Hurley* v. *City of Trenton,* 49 A. 518; *Empire Voting Machine Co.* v. *City of Chicago,* 267 F. 162; *City of Litchfield* v. *Ballou,* 114 U. S. 190; *Hagerman* v. *Hagerman,* L.R.A. (1915A) 904, 910; 44 Corpus Juris 136, sec. 2247; 84 A.L.R. 936; 7 A.L.R. 361; 19 R.C.L. 1060–1066, secs. 344–354; Dillon, *On Municipal Corporations,* vol. 1, pág. 549, sec. 297."

Siendo como es ello así, ¿que valor puede darse al acto del Secretario-Auditor demandado al expedir los certificados, acto en que funda su acción la demandante?

Ninguno. El contrato de la demandante con el Municipio fué nulo en su origen y el que luego el Secretario-Auditor faltando a la ley y a la verdad le expidiera certificados de crédito, ni dañó ni mejoró la situación de la demandante.

La conclusión que contiene la demanda acerca de que la demandante fué defraudada por los demandados en el importe de los certificados, carece de fundamento, porque los certificados nada valían. Estaban predicados a la existencia de la deuda. Inexistente la deuda, sin vida los certificados.

En resumen, de la incorrecta actuación del Secretario-Auditor al expedir los certificados y del Alcalde al aprobar-

los, no·surge la obligación de pago por parte de dichos funcionarios y la fiadora del primero que la demandante reclama y que enforzó la sentencia, *debiendo en tal virtud ser ésta revocada y declarada la demanda sin lugar, con las costas y ciento cincuenta dólares para honorarios de abogado.*