Núm. 8216.—TORRUELLAS, apldo. *v.* FUENTES ET ALS., apltes.—C. D. Humacao— ■■■■■■■ Mayo 18, 1942.

(Por la Corte, a propuesta del Juez Asociado Sr. Todd, Jr.)

POR CUANTO, con la única diferencia de que los certificados de crédito objeto de su acción fueron adquiridos por el demandante mediante endoso de sus dueños, los hechos de este caso son idénticos a los del caso de *Humacao Lumber Co.* v. *American Surety Co., et al.,* 59 D.P.R. 165 en el que resolvimos, ratificando lo ya resuelto en el de *Moscoso Hno. & Cía.* v. *Municipio,* 50 D.P.R. 188 lo siguiente, según aparece del sumario:

Es nula la venta de materiales a un municipio agotada la partida asignada en presupuesto para hacer frente a la obligación.

" * * * * * * * *

"Por el hecho de que el Secretario-Auditor de un municipio expida certificados de crédito a favor de una persona que vendió al municipio materiales agotada la partida asignada en presupuesto y el Alcalde los apruebe, no adquieren dichos certificados valor alguno ni vienen obligados el Secretario-Auditor, el Alcalde y la compañía fiadora del primero a satisfacer el importe de los mismos."

POR CUANTO, siendo nulo *ab initio* el contrato celebrado con un municipio cuando en el momento de la transacción no existe suma alguna asignada en el presupuesto para hacer frente a tal obligación, también son nulos unos certificados de créditos expedidos por el Secretario-Auditor a favor del vendedor, y el hecho de que éste se los haya endosado al aquí demandante no los convalida o da valor alguno;

POR TANTO, se revoca la sentencia apelada y se dicta otra declarando sin lugar la demanda, con las costas, sin incluir honorarios de abogado.