Municipio de Juncos, representado por su Alcalde Carlos Feltiou, demandante y apelado, *v.* Juan Carreras, Otilio Flores y Petra Reyes de Malavé, demandados y apelantes.

Núm. 8612.—*Sometido:* Febrero 4, 1944. *Resuelto:* Abril 10, 1944.

R. A. *Arroyo Ríos* y *Oscar R. Brizzie,* abogados de los apelantes; *E. Arjona Siaca* y *A. Figueroa Rivera,* abogados del apelado.

El Juez Asociado Señor Snyder emitió la opinión del tribunal.

El 30 de noviembre de 1939 el Municipio de Juncos resolvió conceder a Petra Reyes viuda de Malavé el usufructo de un solar con el fin de construir una casa. En el otoño de 1941 el contratista Juan Carreras empezó a construir para la señora Reyes una casa sobre este solar. De conformidad con su declaración, Carreras dirigía la construcción de la casa mediante sueldo semanal, obteniendo el material necesario de un comerciante, cargándoselo éste a la señora Reyes. Carreras declaró que para poder empezar a construir la casa rompió la cerca construída por el Municipio con el fin de

impedir la construcción de la casa sobre el solar en cuestión. Esta cerca se construyó alrededor del solar poco antes de que Carreras empezara a construir la casa, según declaran los funcionarios del Municipio, debido a que estaban bajo la impresión de que (a) Petra Reyes había vendido el solar a Otilio Flores y (b) que Flores se disponía a construir para sí una casa en dicho solar. La posición del Municipio es que la cesión del usufructo a la señora Reyes no le permitía a ésta traspasar el solar a una tercera persona. Carreras trabajó varias semanas en la casa. Para dicha fecha, de acuerdo con su declaración, "esa obra tiene toda la primera moldeada preparada ya y además los refuerzos están todos parados, el refuerzo total de la casa está todo parado."

Entonces el Municipio radicó la petición de *injunction* aquí envuelta. Después de un juicio en sus méritos, la corte de distrito concedió el remedio solicitado, prohibiendo a Carreras, a Flores y a la señora Reyes la continuación de la obra sobre el solar y la entrada al mismo. La presente es una apelación contra dicha sentencia.

██ La corte de distrito estuvo correcta al decidir que la concesión del usufructo a la señora Reyes era nula e ineficaz. No hay controversia alguna de que la Asamblea Municipal consiste por ley de once miembros (Véase *Asamblea Municipal* v. *González, Alcalde,* 55 D.P.R. 542, 61). El artículo 70 de la Ley Municipal (Ley núm. 53, Artículo 70, Leyes de Puerto Rico, 1928) dispone en cuanto a usufructos, que "La cesión se hará *necesariamente* mediante ordenanza o resolución adoptada por la mayoría del número total de miembros de que se componga la Asamblea". (Bastardillas nuestras). Pero la concesión del usufructo en este caso se hizo a la señora Reyes únicamente por cinco miembros de la Asamblea. Esta disposición de la Ley Municipal es mandatoria, y por tanto la actuación de los cinco miembros al conceder el usufructo en cuestión no tiene efecto legal.

En su consecuencia la corte de distrito fué de opinión que no tenía otra alternativa que la de conceder un *injunc-*

*tion* en este caso. Pero no podemos convenir con esta con-
clusión. El presente caso no es igual a los casos citados
por la corte de distrito (*Moscoso Hno. & Cía.* v. *Municipio*,
50 D.P.R. 188, 190; *Humacao Lumber Co.* v. *American Surety*
*Co.*, 59 D.P.R. 165, 169; *Municipality of Río Piedras* v. *Serra*
*Garabís & Co.*, 65 F. (2d) 691, 693, 694 (C.C.A. 1st, 1932);
al mismo efecto *González* v. *Municipio*, 61 D.P.R. 369) en
el que una parte que había concurrido con el Municipio en
un contrato nulo demanda al Municipio basándose en dicho
contrato. Aquí el Municipio solicita acción afirmativa de
las cortes. Y solicita el extraordinario y drástico remedio
de *injunction* de una corte de equidad. Bajo tales circuns-
tancias no es necesario que hablemos en términos de *estoppel*
o que invoquemos aún la doctrina de "manos limpias". Una
corte de equidad puede dentro de su discreción abstenerse
de actuar si bajo todas las circunstancias del caso es de
opinión que no debe permitir que sus procedimientos resulten
en una manifiesta injusticia. La máxima "aquél que invoca
la equidad debe practicarla" es el poste indicador para una
corte de equidad en relación con este punto.

El presente caso ofrece un ejemplo de la clase de casos
que proporciona a una corte de equidad la oportunidad de
hacer uso de su procedimiento flexible y amplia discreción
con el fin de rehusar tomar parte en una acción poco equi-
tativa que estremece la conciencia. (*Cf. Hecht Co.* v. *Bowles*,
U. S. ——— 12 L. W. 4188, resuelto en 28 de febrero 1944).
Una anciana analfabeto obtiene de buena fe el usufructo
de un solar del Municipio cuyo propósito es precisamente
el de suministrar libre de costo terreno en el cual puedan
los pobres construir sus casas. Invierte allí $200 de su
capital, que asciende a $600, y tiene en mente tomar a
préstamo el remanente para cubrir el costo de $900. Es
verdad que los funcionarios municipales intentaron para-
lizar la construcción pero lo hicieron basándose en una su-
puesta situación de hechos—que la casa se construía para

alguien que no tenía derecho al usufructo del solar—cosa
que no es cierta. La teoría de una cesión nula nunca se
mencionó hasta que el Municipio radicó este pleito. Y para
dicha fecha los cimientos de la casa se habían construído,
todo el refuerzo estaba parado y se había echado la pri-
mera moldeada. Bajo dichas circunstancias resolvemos que
la corte de distrito abusó de su discreción al conceder
al Municipio el remedio afirmativo de *injunction* en este
caso. Si el Municipio continúa insistiendo en sus derechos
técnicos en relación con la cesión nula, habrá suficiente
tiempo dentro del procedimiento. adecuado para considerar
qué remedio, si alguno tiene la señora Reyes contra el.Muni-
cipio (*Cf.* casos mencionados en 93 A.L.R. 441 y *cf. Carras-
quillo* v. *Ripoll* y *Maldonado,* Int., 56 D.P.R. 395; *Rivera* v.
*Santiago,* 56 D.P.R. 381; *Pueblo* v. *Carrasquillo,* 58 D.P.R.
176).

Aparentemente hubo un cambio en los miembros de la
Asamblea Municipal entre la fecha de la cesión del usufructo
a la señora Reyes—noviembre 1939—y la fecha en que ella
empezó a construir la casa sobre el solar. Pero los nuevos
miembros de la Asamblea deberán tomar en consideración
las equidades de esta situación. Una anciana viuda, casti-
gada por los infortunios de la pobreza, y con una numerosa
familia, ha invertido sus ahorros de toda la vida en la cons-
trucción de un hogar. El solar concedídole por el Munici-
pio estaba señalado exactamente para tal fin. Otros solares
adyacentes, algunos de. los cuales se cedieron bajo el mismo
acuerdo nulo de la Asamblea Municipal, están siendo usados
por otras personas en circunstancias similares para estos
fines. No vemos razón alguna por la que la Asamblea Mu-
nicipal, demostrando su alto espíritu, no apruebe una reso-
lución convalidando la cesión original bajo la cual la señora
Reyes empezó a construir su casa.

*La sentencia de la corte de distrito será revocada y se*
*dictará una nueva sentencia a favor de los demandados.*